1   HENNIGAN, BENNETT & DORMAN LLP
    Roderick G. Dorman (SBN 96908)
2   dormanr@hbdlawyers.com
    Alan P. Block (SBN 143783)
3   blocka@hbdlawyers.com
    Thomas B. Watson (SBN 181546)
4   watsont@hbdlawyers.com
    Marc Morris (SBN 183728)
5   morrism@hbdlawyers.com
    865 South Figueroa Street, Suite 2900
6   Los Angeles, California 90017
    Telephone: (213) 694-1200
7   Fax: (213) 694-1234

8   Attorneys for Plaintiff-Counterdefendant, WALKER DIGITAL, LLC

9   GREGORY P. STONE (State Bar No. 078329)
    Gregory.Stone@mto.com
10  ANDREA WEISS JEFFRIES (State Bar No. 183408)
    Andrea.Jeffries@mto.com
11  GRANT A. DAVIS-DENNY (State Bar No. 229335)
    Grant.Davis-Denny@mto.com
12  ADAM R. LAWTON (State Bar No. 252546)
    Adam.Lawton@mto.com
13  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
14  Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
15  Telephone:  (213) 683-9100
    Facsimile:  (213) 687-3702
16
    Attorneys for Defendants, MICROSOFT CORPORATION, DELL INC., and
17  HEWLETT-PACKARD COMPANY

18  [SEE ATTACHED PAGE FOR ADDITIONAL COUNSEL]

19              UNITED STATES DISTRICT COURT

20             CENTRAL DISTRICT OF CALIFORNIA

21

22  WALKER DIGITAL, LLC,              )   Case No. 09-CV-7514 PSG (CTx)
                                      )
23              Plaintiff,            )   **DISCOVERY MATTER**
                                      )
24       vs.                         )   ~~[PROPOSED]~~ **FIRST STIPULATED**
                                      )   **PROTECTIVE ORDER**
25  MICROSOFT CORPORATION, et al.    )
                                      )
26              Defendants.           )
                                      )
27  _____ )
                                      )
28  AND RELATED COUNTERCLAIMS        )
    _____ )

Case No. 09-CV-7514 PSG (CTx)              [PROPOSED] STIPULATED PROTECTIVE ORDER

1

2   Isabella E. Fu (State Bar No. 154677)
    Isabella.Fu@microsoft.com
3   MICROSOFT CORPORATION
    1 Microsoft Way
4   Redmond, WA 98052-6399
    Telephone: (425) 722-4846
5   Facsimile: (425) 936-7329
    Attorney for Defendant
6   MICROSOFT CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Case No. 06-CV-07336-PJH                    [PROPOSED] STIPULATED PROTECTIVE ORDER

## 1.   **GOOD CAUSE; LIMITATIONS**

1.1   Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  Accordingly, the parties hereby stipulate to and request that the Court enter the following First Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.2   The parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

1.3   Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

1.4   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Material satisfies the criteria set forth below for each category.

1.5   The parties have a dispute about which officer or employee of Plaintiff (if any) is entitled to access to any "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material (as defined below) designated by any Designating Party (as defined below).  Plaintiff plans to brief this dispute for resolution by the Court.  In the interim, to facilitate discovery and preparation for summary judgment motions and/or Markman proceedings, the parties have agreed to request entry of this Order.  The

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER

parties acknowledge that the fact of this request, or the entry of this proposed Order as an Order of the Court, shall not prejudice Plaintiff when it seeks a modified Protective Order that would entitle Plaintiff's officer or employee to have access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as set forth above.

2.    **DEFINITIONS**

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, including items or information from a non-party, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that include trade secrets or other confidential research, development, commercial, proprietary, non-public, technical, business, financial, sensitive, or private information that a Producing Party believes in good faith can be disclosed to select employees or agents of a Receiving Party (as described in paragraph 7.5 below) solely for purposes of this litigation without substantial risk of harm to the Producing Party, but which must be protected from widespread dissemination or disclosure to non-parties.

2.4    "Highly Confidential — Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information (as defined above) that a Producing Party believes in good faith (a) creates a substantial risk of harm to the Producing Party if disclosed to select employees or agents of a Receiving Party; (b) is required to be kept confidential to protect the privacy interests of an individual; or (c) is subject to an express obligation of confidentiality owed by the Producing Party to a third party.

Case No. 09-CV-7514 PSG (CTx)          [PROPOSED] STIPULATED PROTECTIVE ORDER

2.5 "Highly Confidential Source Code — Outside Counsel Only"
Information or Items: computer source code (regardless of how generated, stored, or maintained) and other information disclosing or directly related to computer source code.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery or subpoena as "Confidential," "Highly Confidential — Attorneys' Eyes Only," or "Highly Confidential Source Code — Outside Counsel Only."

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential — Attorneys' Eyes Only," or "Highly Confidential Source Code — Outside Counsel Only."

2.10 Outside Counsel: attorneys of the law firms of Hennigan, Bennett & Dorman LLP or Munger, Tolles & Olson LLP who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 In-House Counsel: attorneys who are employees of a Party.

2.12 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.13 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with paragraph 7.9 below.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium) and

-3-

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER

their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reasonably be expected to reveal Protected Material. Nothing in this paragraph shall be construed to prejudice either Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (other than transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection

1    and before the designation, all of the material made available for inspection shall be

2    deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the

3    inspecting Party has identified the documents it wants copied and produced, the

4    Producing Party must determine which documents, or portions thereof, qualify for

5    protection under this Order, then, before producing the specified documents, the

6    Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

7    CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY

8    CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY") on each page

9    that contains Protected Material.

10           (b)    for testimony given in deposition or in other pretrial or trial proceedings,

11   that the Party or non-party offering or sponsoring the testimony identify on the record,

12   before the close of the deposition, hearing, or other proceeding, that the transcript or

13   portions thereof be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL —

14   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE —

15   OUTSIDE COUNSEL ONLY."

16           (c)    for information produced in some form other than documentary, and for

17   any other tangible items, that the Producing Party affix in a prominent place on the

18   exterior of the container or containers in which the information or item is stored the

19   legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

20   ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL

21   ONLY." If any items produced in a non-paper medium are printed by the Receiving

22   Party, the Receiving Party must immediately mark each page of the printed version

23   with the confidentiality designation of the media.

24           5.3    Inadvertent Failures to Designate. An inadvertent failure to designate

25   qualified information, testimony or items as "Confidential," "Highly Confidential —

26   Attorneys' Eyes Only," or "Highly Confidential Source Code — Outside Counsel

27   Only" does not waive the Designating Party's right to secure protection under this

28   Order for such material. Upon discovering the inadvertent failure, the Designating

-5-

Party must promptly notify the Receiving Party in writing of the inadvertent failure to designate and take steps necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above.  Upon receipt of this written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been distributed to unauthorized individuals and destroying any copies of documents that have been replaced with the proper designation.

### 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    At any time in these proceedings following the production or designation of material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY," counsel for a Party may challenge such designation in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.

The burden of persuasion in any such challenge shall at all times be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material that is the subject of the challenge the level of protection to which it is entitled under the Designating Party's designation.

### 7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

7.2    <u>Secure Storage</u>:  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3.    <u>Legal Advice Based on Protected Material</u>:  Nothing in this Order shall be construed to prevent Counsel from advising their client with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

7.4    <u>Limitations</u>:  Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Confidential or Highly Confidential Information, nor the use or disclosure of information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to Order of the Court.

7.5    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Persons entitled to access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items pursuant to paragraph 7.6 (a) through (g) below;

(b)    for Defendants, one additional officer or employee of the Receiving Defendant (who may be In-House Counsel) to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, that such officer or employee of a defendant shall not receive "CONFIDENTIAL" material produced by another defendant without consent of the Designating Party; and

(c)    for Plaintiff, three officers or employees of Plaintiff to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be

-7-

1  Bound by Protective Order" (Exhibit A); provided, however, that the number of
2  officers or employees permitted to be designated pursuant to this section 7.5(c) shall
3  be reduced (but not below zero) by one (1) for each officer or employee of Plaintiff
4  who becomes permitted to receive "HIGHLY CONFIDENTIAL — ATTORNEYS'
5  EYES ONLY" Information pursuant to an order issued in accordance with section
6  7.6(b).

7        7.6    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
8  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in
9  writing by the Designating Party, a Receiving Party may disclose any information or
10  item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only
11  to:

12        (a)    the Receiving Party's Outside Counsel in this action, including Outside
13  Counsel's support staff such as paralegals, technology specialists, and secretaries;

14        (b)    two In-House Counsel of the Receiving Party, including their paralegals
15  and secretaries, to whom disclosure is reasonably necessary for this litigation, who
16  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and who,
17  for the duration and for one year following the final resolution of this case, shall not
18  participate in U.S. or foreign patent prosecution proceedings, including in the drafting
19  or amending of patent claims (including reissue or reexamination proceedings),
20  related to the fields of internet searching from an application program other than a
21  browser, word processing software, spreadsheet software, database management
22  software, presentation software, e-mail software, personal information management
23  software, or other productivity software; and provided, further, that such In-House
24  Counsel of a defendant shall not receive "HIGHLY CONFIDENTIAL —
25  ATTORNEYS' EYES ONLY" material produced by another defendant without
26  consent of the Designating Party.

27
28

Pending a further order of this Court, no other officer or employee of the Receiving Party shall receive any "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material produced without consent of the Designating Party.

In the event In-House Counsel initially designated under this Order is no longer employed by a Receiving Party or is otherwise unavailable, a Receiving Party may, with notice to all Parties, identify another In-House Counsel entitled to receive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information under this paragraph.

Within ten (10) business days of receipt of notice identifying either initially or subsequently designated In-House Counsel, the party receiving such notice may object in writing to the identified In-House Counsel for good cause. Any such objection must be made in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4, and the objecting party shall at all times have the burden of showing that good cause exists to prevent the disclosure of Protected Material to the identified In-House Counsel. If relief is sought, Protected Material shall not be disclosed to the In-House Counsel in question until the objection is resolved by the Court. In the absence of an objection at the end of the ten day period, the person shall be deemed approved under this Order.

(c)     experts or consultants of the Receiving Party who have been approved in accordance with paragraph 7.9 below, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors such as graphics services or jury consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Jury research participants hired by jury consultants may be told or shown Protected Materials or information provided: (1) they are not be affiliated with any Producing Party or its direct competitor, (2) are not themselves given custody of

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER

1    any copies, summaries, or excerpts of Protected Material or permitted to remove any

2    notes taken during the exercise from the research facility; and (3) agree in writing to

3    be bound by confidentiality;

4        (f)    only during their depositions or testimony at trial, (1) a current or former

5    officer, director, or employee of the Producing Party or original source of the

6    information, (2) any person selected by a Producing Party to provide testimony

7    pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and (3) as to

8    documents produced by a named inventor or previous owner of the patent-in-suit

9    only, a current or former officer, director, employee, or 30(b)(6) designee of Plaintiff.

10       Persons authorized to view Protected Material under this sub-paragraph (f)

11   shall not retain or be given copies of any Protected Materials.

12       (g)    a person who appears on the face of the document to be the author,

13   addressee, or recipient of the document or the original source of the information.

14   Persons authorized to view Protected Material under this sub-paragraph (g) shall not

15   retain or be given copies of any Protected Materials.

16       7.7    Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE —

17   OUTSIDE COUNSEL ONLY" Information or Items.  Unless otherwise ordered by

18   the court or permitted in writing by the Designating Party, a Receiving Party may

19   disclose any information or item designated "HIGHLY CONFIDENTIAL SOURCE

20   CODE — OUTSIDE COUNSEL ONLY" only to:

21       (a)    the Receiving Party's Outside Counsel in this action, including Outside

22   Counsel's support staff such as paralegals, technology specialists, and secretaries;

23       (b)    no more than two (2) experts or consultants approved pursuant to

24   paragraph 7.9 below, including their administrative support staff if any, to whom

25   disclosure is reasonably necessary for this litigation and who are identified to the

26   Producing Party as persons to whom "HIGHLY CONFIDENTIAL SOURCE CODE

27   — OUTSIDE COUNSEL ONLY" materials will be shown;

28       (c)    the Court and its personnel;

-10-

1       (d)    court reporters, their staffs, and Professional Vendors such as graphics

2   services and jury consultants to whom disclosure is reasonably necessary for this

3   litigation and who have signed the "Agreement to Be Bound by Protective Order"

4   (Exhibit A). Jury research participants hired by jury consultants may be told or

5   shown Protected Materials or information provided: (1) they are not be affiliated with

6   any Producing Party or its direct competitor, (2) are not themselves given custody of

7   any copies, summaries, or excerpts of Protected Material or permitted to remove any

8   notes taken during the exercise from the research facility; and (3) agree in writing to

9   be bound by confidentiality; and

10       (e)    during their depositions or testimony at trial, (1) a current or former

11   officer, director, or employee of the Producing Party or original source of the

12   information, (2) any person selected by a Producing Party to provide testimony

13   pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, (3) as to documents

14   produced by a named inventor or previous owner of the patent-in-suit only, a current

15   or former officer, director, employee, or 30(b)(6) designee of Plaintiff, and (4) a

16   person who appears from the face of the document to be the author, addressee, or

17   recipient of the document or the original source of the information.

18       Persons authorized to view Protected Material under this sub-paragraph (e)

19   shall not retain or be given copies of any Protected Materials.

20       7.8    Additional Restrictions for Handling of "HIGHLY CONFIDENTIAL

21   SOURCE CODE — OUTSIDE COUNSEL ONLY" Materials:  In addition to all

22   other restrictions and protections of this Order, the following additional restrictions

23   and protections shall apply to any document, testimony, or other discovery material

24   that is designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE

25   CODE — OUTSIDE COUNSEL ONLY."

26       (a)    To the extent relevant and otherwise discoverable, any source code that

27   is produced by a Party shall be made available for inspection in electronic format at

28   the Los Angeles office of such Party's Outside Counsel, or at such other location

1  mutually agreed upon by the Parties.  The source code shall be made available from
2  9:00 A.M. through 6:00 P.M. local time, Monday through Friday excluding holidays,
3  and such other days and times upon reasonable request, until the close of discovery in
4  this case.  The Producing Party shall the notify the Receiving Party as soon as it has
5  source code available for inspection and shall include in the notice an identification of
6  the source code that is available.  Subsequent to such notice but before the first
7  inspection of the identified source code, the Receiving Party shall provide three (3)
8  business days' notice of its intent to inspect the source code.  For any additional
9  inspection, the Receiving Party shall provide notice by noon Pacific time on the
10 business day prior to the intended inspection.

11        (b)     Source code that is produced by a Party shall be produced for inspection
12 and review subject to the following provisions, unless otherwise provided in writing
13 by the Producing Party:

14              (1)     All source code shall be made available by the Producing Party to
15 the Receiving Party in a secured room (the "Source Code Review Room") on a
16 secured computer (the "Source Code Computer") without internet access or network
17 access to other computers, as necessary and appropriate to prevent and protect against
18 unauthorized copying, transmission, removal, or other transfer of any source outside
19 of or away from Source Code Computer.  The Producing Party shall install tools that
20 are sufficient to allow the viewing and searching of the source code produced on the
21 platform made available, if such tools exist and are presently used in the ordinary
22 course of the Producing Party's business.

23              (2)     No Blackberries, mobile phones, cameras, computers, peripheral
24 equipment, recording devices, or recordable media, including, without limitation,
25 CDs, DVDs, or hard drives of any kind, will be permitted inside the Source Code
26 Review Room.  The Receiving Party's Outside Counsel and/or experts shall be
27 entitled to take notes relating to the source code but may not copy the source into such
28 notes and may not take such notes electronically on the Source Code Computer or on

-12-

any other computer.  No copies of the source code or any portion thereof may leave the Source Code Review Room except as otherwise expressly provided in this Order. The Producing Party, its Outside Counsel, and its Outside Counsel's staff may visually monitor the activities of the Receiving Party's representatives during any source code review to the extent that such monitoring is reasonably necessary to ensure that no electronic records of source code are being created and that no information concerning the source code is being transmitted in any manner.

(3)    The Producing Party shall make available a laser printer with a commercially reasonable printing speed for on-site printing during inspection.  The Receiving Party may print limited portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondence, and shall print only such portions as are relevant to the claims and defenses in this case.  The Receiving Party shall not print source code for the purpose of reviewing blocks of source code elsewhere in the first instance, that is, as an alternative to reviewing the source code electronically on the Source Code Computer.  The parties acknowledge and agree that the purpose of the protections of this Order would be frustrated by printing portions of the code for review and analysis elsewhere, and that printing is permitted solely to enable use of source code in filings and proceedings.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party for subsequent production.  The Producing Party shall affix production numbers to and label as "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY" any pages printed by the Receiving Party and shall produce the printed source code within two (2) business days from the day the source code was printed by the Receiving Party.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.  The Receiving Party receiving the paper copy of source code must keep that source code in a secured container when it is not in use at the office of the Receiving Party's Outside Counsel.

-13-

(4)    Unless otherwise agreed upon in writing by the parties in advance, following each day on which inspection is performed under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and other materials that may contain attorney work product and/or attorney-client privileged information from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session.

(c)    All persons who will review source code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such source code.  Such identification shall be in addition to any disclosure under 7.9 of this Order.  Each day they review source code, all persons viewing source code shall sign a log that includes the names of persons who enter the review room and when they enter and depart.  The Receiving Party receiving a paper copy of source code shall maintain a log of production-numbered pages received and persons who have had access to those pages.  The Producing Party shall be entitled to a copy of the logs upon request.

(d)    After receiving any production of printed source code, the Receiving Party may make no more than five (5) copies of any portions of the source code received from the Producing Party, not including copies attached to court filings or used at depositions.  Any such copies must be on paper and may not be maintained in or scanned into electronic form.  The Receiving Party shall maintain a log of all copies of the source code received from a Producing Party that are delivered by the Receiving Party to any qualified person under section (c) above.  The log shall include the names of the reviewers and/or recipients of the paper copies and the locations where the paper copies are stored.

(e)    The Receiving Party's Outside Counsel and any authorized person receiving a copy of any source code shall maintain and store the paper copies of the

-14-

1  source code at their offices in a manner that prevents duplication of or unauthorized

2  access to the source code, including, without limitation, storing the source code in a

3  locked room or cabinet at all times when it is not in use.

4      (f)    All paper copies of source code shall be securely destroyed in a timely

5  manner if they are no longer in use (e.g., at the conclusion of a deposition in at which

6  they are used).  Copies of source code that are marked as deposition exhibits shall not

7  be provided to the court reporter or attached to deposition transcripts.  Rather the

8  deposition record will identify the exhibit by its production numbers.

9      (g)    Except as provided in this paragraph (g), the Receiving Party may not

10  create electronic or any other images of or make electronic copies of the source code

11  from any paper copy of source code (including, without limitation, scanning the

12  source code to a PDF or photographing the source code) for use in any manner.

13  Correspondence between the parties shall not include images or copies of source

14  code, but instead may contain references to production numbers.  Images or copies of

15  source code shall be omitted from pleadings and other papers whenever possible.  If a

16  Party reasonably believes that it needs to submit a portion of source code as part of a

17  filing with the Court, the Party shall give notice to the Producing Party at least one (1)

18  day before such filing that it intends to include source code in a filing and shall file

19  any pleading containing source code under seal in accordance with paragraph 11 of

20  this Order.  If a Producing Party agrees to produce an electronic copy of its source

21  code or any portion thereof, or to provide written permission to the Receiving Party

22  that an electronic or any other copy may be made for a Court filing, the Receiving

23  Party's communication and/or disclosure of electronic files or other materials

24  containing any portion of source code (whether paper or electronic) shall at all times

25  be limited to individuals who are expressly authorized to view source code under the

26  provisions of this Order.  If the Producing Party has provided express written

27  permission under this paragraph (g) for a receiving Party to create electronic copies of

28  source code, the Receiving Party shall maintain a log of all such electronic copies of

-15-

any portion of source code in its possession or in the possession of its retained

consultants, including the names of the reviewers and/or recipients of any such

electronic copies and the locations where the electronic copies are stored. Any such

electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE —

OUTSIDE COUNSEL ONLY" as provided in this Order. After final resolution of the

case, any electronic copies of source code in the Receiving Party's possession shall be

securely destroyed in a manner consistent with U.S. Department of Defense standards.

### 7.9   Experts and Consultants

(a)     Prior to disclosing any Protected Material to any outside experts or

consultants, the party seeking to disclose such information shall provide the

Producing Party or Parties with written notice that includes: (i) the name of the

person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum

vitae of the person; (iv) a listing of all cases in which the person has served as an

expert over the past ten (10) years, including an identification of the party for which

he of she provided expert services; (v) a listing of all consulting projects undertaken

by the expert or consultant within the last ten (10) years; and (vi) an executed copy of

the "Agreement to Be Bound by Protective Order" (Exhibit A).

(b)     Within five (5) business days of receipt of this information, the party

receiving such notice may object in writing to the proposed outside expert or

consultant for good cause. Any such objection must be made in accordance with the

procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local

Rules 37-1 through 37-4, and the objecting party shall at all times have the burden of

showing that good cause exists to prevent the disclosure of Protected Material to the

identified expert or consultant. If relief is sought, Protected Material shall not be

disclosed to the expert or consultant in question until the objection is resolved by the

Court. In the absence of an objection at the end of the ten day period, the person shall

be deemed approved under this Order.

-16-

(c)     For purposes of this section, "good cause" shall be an objectively reasonable concern that the third party will, advertently or inadvertently, use or disclose Protected Material outside of this litigation.  Experts or consultants authorized to receive Protected Material under this section shall not be a current or past officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party.

8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any party or person that has obtained any Protected Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information, such person shall promptly notify the Designating Party of the service of the subpoena.  The person receiving the subpoena shall not produce any confidential information in response to the subpoena without either the prior written consent of the Designating Party or an order of a court of competent jurisdiction.  However, the Designating Party shall have the burden of seeking a court order relieving the subpoenaed party of the obligations of the subpoena.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1    Unauthorized or inadvertent disclosure does not change the status of Protected

2    Material or waive the right to hold the disclosed document or information as

3    Protected.

4         10.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

5         If a Producing Party inadvertently produces a document that it later discovers

6    or in good faith asserts to be a privileged document or a document protected from

7    disclosure by the work-product doctrine, the production of that document shall not be

8    deemed to constitute a waiver of any applicable privileges or work-product protection.

9    In such circumstances, the Producing Party shall immediately notify the Receiving

10   Party of the inadvertent production and request the return or confirmed destruction of

11   the privileged or protected materials.  Within five (5) business days of receiving such

12   notification, the Receiving Party shall return or confirm destruction of all such

13   materials; however, the Receiving Party may separately prepare a written summary of

14   the material claimed to have been inadvertently produced for the sole purpose of

15   bringing a motion to compel production of the materials.  Such return or confirmation

16   of destruction shall not preclude the Receiving Party from seeking to compel

17   production of the materials and shall not constitute an admission by the Receiving

18   Party that the materials were, in fact, privileged or protected in any way.  The

19   Producing Party will retain the documents for submission to the Court in the event the

20   Receiving Party moves to compel.  Summaries of inadvertently produced documents

21   will be destroyed by the Receiving Party if the Receiving Party does not bring a

22   motion to compel within 30 days of the notification from the Producing Party or such

23   motion, if brought, is denied.

24        11.    **FILING PROTECTED MATERIAL**.  Without written permission

25   from the Designating Party or a court Order secured after appropriate notice to all

26   interested persons, a Party may not file in the public record in this action any

27   Protected Material.  A Party that seeks to file under seal any Protected Material must

28   comply with Civil Local Rule 79-5.

1    12.   **FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing
2  by the Producing Party, within sixty days after the final termination of this action,
3  each Receiving Party must, at the option of the Producing Party, destroy or return to
4  the Producing Party all Protected Material.  As used in this section 12, "all Protected
5  Material" includes all copies, abstracts, compilations, summaries, or any other form of
6  reproducing or capturing any of the Protected Material.  The Receiving Party must
7  submit a written certification to the Producing Party (and, if different, the Designating
8  Party) by the sixty day deadline confirming that all Protected Material was destroyed
9  or handled as otherwise agreed and that the Receiving Party has not retained any
10  copies, abstracts, compilations, summaries, or other forms of reproducing or capturing
11  any of the Protected Material.  Notwithstanding this provision, Outside Counsel are
12  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal
13  memoranda, correspondence, or attorney work product, even if such materials contain
14  Protected Material.  Any such archival copies that contain or constitute Protected
15  Material remain subject to this Order as set forth in section 4 above.
16    13.   **MISCELLANEOUS**
17    13.1   Right to Further Relief.  Nothing in this Order abridges the right of any
18  person to seek its modification by the Court in the future.  By stipulating to this Order,
19  the Parties do not waive the right to argue that certain material may require
20  confidentiality protections in addition to or different from those set forth herein.

Case No. 09-CV-7514 PSG (CTx)        [PROPOSED] STIPULATED PROTECTIVE ORDER

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  July 30, 2010                    HENNIGAN, BENNETT & DORMAN LLP


                                         By   /s/ Thomas B. Watson
                                             Roderick G. Dorman
                                             Alan P. Block
                                             Thomas B. Watson
                                             Marc Morris

                                         Attorneys for Plaintiff-Counterdefendant,
                                         WALKER DIGITAL, LLC


DATED:  July 30, 2010                    MUNGER, TOLLES & OLSON LLP


                                         By   /s/ Grant A. Davis-Denny
                                             Gregory P. Stone
                                             Andrea Weiss Jeffries
                                             Grant A. Davis-Denny
                                             Adam R. Lawton

                                         Attorneys for Defendants-Counterplaintiffs,
                                         MICROSOFT CORPORATION, DELL
                                         INC., and HEWLETT-PACKARD
                                         COMPANY


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  August 2, 2010        *Patrick J. Walsh*

                                         United States Magistrate Judge

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California in the case of Walker Digital, LLC v. Microsoft

Corporation, Hewlett-Packard Company, and Dell Inc., Case No. 09-CV-7514 PSG

(CTx). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name]

of _____

_____

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-21-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am an attorney in the law firm of Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On July 30, 2010, I served upon the interested parties in this action the documents described as:

### [Proposed] First Stipulated Protective Order

via electronic mail, pursuant to an Electronic Service Agreement, to the e-mail addresses listed below:

> Roderick G. Dorman (dormanr@hbdlawyers.com)
> Alan P. Block (blocka@hbdlawyers.com)
> Thomas B. Watson (watsont@hbdlawyers.com)
> Marc Morris (morrism@hbdlawyers.com)
> Hennigan, Bennett & Dorman LLP
> 865 South Figueroa Street, Suite 2900
> Los Angeles, CA 90017

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2010, at Los Angeles, California.


_/s/ Grant A. Davis-Denny_
Grant A. Davis-Denny

Case No. 09-CV-7514 PSG (CTx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER